UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PERRY VINCENT BRADLEY,

        Plaintiff,               Case No. 1:09-cv-1070

v.                                             Honorable Robert J. Jonker

RICHARD HALLWORTH et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Hallworth, Miles, Pramstaller and Hutchinson. The Court will serve the complaint against Defendants McQueen, Squire, Jenkins, Heebsch, Lange and Lacy.

**Discussion**

I.  Factual allegations

Plaintiff Perry Vincent Bradley presently is incarcerated with the Michigan Department of Corrections (MDOC) and housed at the Lakeland Correctional Facility (LCF). He sues the following ten individuals: Prison Health Services (PHS) President and CEO Richard Hallworth; Correctional Medical Services (CMS) President and CEO Richard H. Miles; PHS Regional Medical Director Dr. Sylvia McQueen; PHS Doctor Harriet Squire; MDOC Chief Medical Officer George Pramstaller; CMS Medical Director Craig Hutchinson; CMS Utilization Manager Dr. Eddie Jenkins; LCF Physician Assistant (PA) Hope Heebsch; LCF Health Unit Manager Nancy Lange; and LCF Supervising Physician Dr. Robert Lacy.

Plaintiff's complaint raises two separate issues about his medical care. First, Plaintiff alleges that he developed a hernia in his groin area in November 2008. He was referred by Nurse Hobbs for further evaluation by Defendant Heebsch, who saw him on November 13, 2008. Heebsch determined that the hernia required surgery, and she made a request for surgery. Defendant Jenkins denied the request on the grounds that it did not meet criteria for surgery. On December 15, 2008, Heebsch prescribed pain medication and told Plaintiff that a hernia belt would be ordered. On February 2, 2008, Plaintiff inquired about the hernia belt, which had not yet arrived. Defendant Heebsch informed Plaintiff on February 19 that they had been unable to find a hernia belt. He was given an abdominal binder and a supplemental pain medication. On April 8, 2009, PA Kirk submitted another request for hernia surgery. Defendant McQueen denied that request on April 10, and she ordered the medical service provider to continue conservative treatment. On June 4, 2009, Plaintiff wrote to health services, informing them that his hernia was getting bigger and impairing

his bowel movements. Nurse Joy Parrish called him out and gave him medication to help with his constipation, then referred him to a physician assistant. He was seen by PA Kirk on July 14, 2009. Kirk informed Plaintiff that MDOC Chief Medical Officer Stieve had emailed her that a source had been found for the hernia belt and that she was ordering him one. Plaintiff saw Kirk again on September 4, 2009, informing him that his request for a hernia belt had been denied again. At that time, Kirk examined Plaintiff and found that the hernia had grown to baseball size, causing Plaintiff constant pain and impairing his ability to walk. Kirk told Plaintiff that she was making another request for surgery. On September 11, Defendant Squire denied the request for surgery.

Plaintiff's second medical claim arises from health services' failure, in two consecutive months, to refill his ongoing hypertension medication until several days after Plaintiff's supply ran out. Plaintiff contends that abrupt withdrawal from the medication can cause the condition to become worse.

With respect to his first claim, Plaintiff alleges that Defendants Hallworth, Miles and Hutchins failed to curb the known rule, custom or practice of Defendant Jenkins in denying surgery. He alleges that Defendants McQueen, Jenkins and Squire, in denying him surgery, were deliberately indifferent to his serious medical needs. He alleges that Defendant Heebsch demonstrated deliberate indifference to his serious needs by failing to appeal the denials of surgery. Finally, he contends that Defendants Pramstaller's and Lacy's failure to authorize surgery constituted deliberate indifference. With respect to his second claim, Plaintiff alleges that Defendant Lange was deliberately indifferent in failing to follow a protocol that would ensure that Plaintiff would receive his refilled medications in a timely fashion.

Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

## II. Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Ashcroft*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Hallworth, Miles, Pramstaller and Hutchinson, other than his claim that they failed to take corrective action to prevent Defendant Jenkins from denying Plaintiff surgery. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009); *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summer v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Hallworth, Miles, Pramstaller and Hutchinson engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

The Court will order service of Plaintiff's complaint on the remaining Defendants.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Hallworth, Miles, Pramstaller and Hutchinson will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will serve the complaint against Defendants McQueen, Squire, Jenkins, Heebsch, Lange and Lacy.

An Order consistent with this Opinion will be entered.


Dated: February 23, 2010   /s/ Robert J. Jonker
  ROBERT J. JONKER
  UNITED STATES DISTRICT JUDGE