UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

PERRY BRADLEY #176332,

    Plaintiff,

v

RICHARD HALLWORTH, *et al.*,

    Defendants.

NO. 1:09-cv-1070

HON. ROBERT J. JONKER

MAG. HUGH W. BRENNEMAN, JR.

---

Perry Bradley #176332
*In Pro Per*
Lakeland Correctional Facility
141 First Street
Coldwater, MI  49036

Julia R. Bell (P35367)
Attorney for Defendant Lange
Michigan Department of Attorney General
Corrections Division
P.O. Box 30217
Lansing, MI  48909
(517) 335-7021

COLLINS, EINHORN, FARRELL & ULANOFF, P.C.
Richard A. Joslin (P47510)
Attorney for Defendants Dr. Jenkins
  and Dr. Lacy
4000 Town Center, Suite 909
Southfield, MI  48075
(248) 355-4141

CHAPMAN AND ASSOCIATES, P.C.
Ronald W. Chapman (P37603)
Attorney for Defendants Dr. McQueen
  and Dr. Squire
40950 Woodward Avenue, Suite 120
Bloomfield Hills, MI  48304
(248) 644-6326

---

**BRIEF IN SUPPORT OF DEFENDANT NANCY LANGE'S
MOTION TO STAY DISCOVERY PENDING RESOLUTION OF THE
<u>THRESHOLD ISSUES OF EXHAUSTION AND IMMUNITY</u>**

Michael A. Cox
Attorney General

Julia R. Bell (P35367)
Assistant Attorney General
Attorneys for Defendant Nancy Lange
Corrections Division
P.O. Box 30217
Lansing, MI   48909
Phone:  (517) 335-7021
Email:  <u>bellj5@michigan.gov</u>
[P35367]

Date:   April 21, 2010

## CONCISE STATEMENT OF ISSUES PRESENTED

I.  **Should the Court enter a protective order staying discovery pending resolution of threshold issues of exhaustion and immunity in this *pro se* prisoner civil rights action?**

   **Defendant Nancy Lange answers "Yes".**
   **The plaintiff would answer "No".**

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Under Fed. R. Civ. P. 26(c), a party from whom discovery is sought may move for a protective order for good cause to protect a party from annoyance, embarrassment, oppression or undue burden or expense.

**STATEMENT OF THE FACTS**

This is a *pro se* prisoner civil rights action, filed by Michigan prison inmate Perry Vincent. Plaintiff sues Defendant Lange, Health Unit Manager at Lakeland Correctional Facility (LCF). Plaintiff sets forth no allegations against Defendant Lange in his Complaint, seeks to hold her liable for the acts of her subordinate staff although the medical evidence shows nursing staff did nothing but try to assist him in securing his medication, and relies on rejected grievances as satisfaction of the Prison Litigation Reform Act's exhaustion requirement. Defendant Lange has moved for dismissal based on those grounds and seeks entry of a Protective Order protecting her from being required to partake in burdensome discovery that have no bearing on those threshold issues.

## ARGUMENT

**I.      The Court should stay discovery pending resolution of Defendant Lange's potentially dispositive motion.**

A party from whom discovery is sought may move for a protective order for good cause to protect a party from annoyance, embarrassment, oppression or undue burden or expense.[1]  The Prison Litigation Reform Act (PLRA) was enacted to curb the flow of inmate civil rights actions that are frivolous, fail to state a claim, assert claims that are barred by immunity, or assert claims that have not been properly exhausted through the State administrative process.  This goal is generally accomplished is through the district court's initial screening of *pro se* inmate civil rights Complaints before docketing, if feasible, or as soon as practicable thereafter for identification of cognizable claims; or by the defendants through an initial dispositive motion testing the validity of the asserted claims.[2]

Permitting a *pro se* prison inmate to commence discovery prior to a ruling on whether his claims against the defendant are even cognizable, particularly where as here, the request is broad, overreaching, and does not pertain to the germane issues of whether the plaintiff properly exhausted his administrative remedies and/or whether the claims asserted against this defendant are barred by immunity, is a wasteful use of scare state resources.  Therefore, the Court should enter a Protective Order relieving Defendant Lange of this burden and waste.  Should the plaintiff require specific discovery in order to respond to Defendant Lange's pending, potentially dispositive motion, he should be required to submit an affidavit setting forth the need for the requested items.

---

[1] Fed. R. Civ. P. 26(c).
[2] *See, e.g.*, *Woodford v. Ngo,* 548 U.S. 81 (2006); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997); *Yuhasz v. Brush Wellman, Inc.,* 341 F.3d 559, 566 (6th Cir. 2003) (quoting *Rutman Wine Co. v. E & J Gallo Winery,* 829 F.2d 729, 738 (9th Cir. 1987); *Sprague v. Brook,* 149 F.R.D. 575, 577-78 (N.D. Ill. 1993); *Petrus v. Bowen,* 833 F.2d 581, 583 (5th Cir. 1987).

## **RELIEF**

Wherefore, for the reasons stated, Defendant Lange respectfully requests that the Court grant her motion and enter a protective order staying discovery pending resolution of threshold issues of exhaustion and immunity.

Respectfully submitted,

Michael A. Cox
Attorney General


*s/ Julia R. Bell*
JULIA R. BELL (P35367)
Assistant Attorney General
Attorney for Defendant Nancy Lange
Corrections Division
P.O. Box 30217
Lansing, MI   48909
Phone:  (517) 335-7021
Email:  bellj5@michigan.gov

Date:   April 21, 2010                                  [P35367]
Bell\2010 FED\20100007605A Bradley\Brf in Sup of Mot to Stay Discovery

3