UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY BRADLEY,

    Plaintiff,

vs.

RICHARD HALLWORTH, *et al.*,

    Defendants.
    _____/

Case No. 1:09-cv-1070

Hon. Robert J. Jonker

**ORDER**

Defendant Nancy Lange has filed a motion to dismiss and for summary judgment on various grounds, including exhaustion of administrative remedies, Eleventh Amendment immunity and qualified immunity. *See* docket no. 31. This matter is now before the court on Ms. Lange's motion to stay discovery (docket no. 37). The motion is unopposed.

Fed. R. Civ. P. 26(b)(2)(C)(iii) provides that the court must limit the extent of discovery otherwise allowed by the court rules if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of discovery in resolving the issues." Defendant has filed a dispositive motion raising a number of preliminary issues. There is no reason for the parties to engage in discovery until the court has resolved these issues. *See Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987) ("[a] trial court has broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined"); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[a] stay of discovery pending

the determination of a dispositive motion is an eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources") (internal quotation marks and citations omitted).

Furthermore, defendant seeks summary judgment, in part, on the basis of immunity. A stay of discovery is properly granted until the issue of immunity is resolved. *Siegert v. Gilley*, 500 U.S. 226, 231 (1991). *See Criss v. City of Kent*, 867 F.2d 259, 261 (6th Cir. 1988) ("discovery in litigation against government officials should be halted until the threshold question of immunity is resolved"); *Kennedy v. City of Cleveland*, 797 F.2d 297, 298-99 (6th Cir. 1986) ("a claim of immunity raises an interest in an early, and inexpensive, termination of the litigation").

Accordingly, defendant's motion to stay discovery (docket no. 37) is **GRANTED** and discovery shall be stayed until the court rules on defendant Lange's outstanding dispositive motion.

**IT IS SO ORDERED.**


Dated: June 1, 2010                                /s/ Hugh W. Brenneman, Jr.
                                                   HUGH W. BRENNEMAN, JR.
                                                   United States Magistrate Judge