UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY VINCENT BRADLEY,

        Plaintiff

Case No. 1:09-cv-1070

Hon. Robert J. Jonker

v.

RICHARD HALLWORTH, *et al.*,

        Defendants.

                                            /

**ORDER**

Plaintiff has filed a § 1983 civil rights action against defendants. This matter is now before the court on plaintiff's "Motion for clarification and renewed motion for appointment of legal counsel" (docket no. 68).

Plaintiff's motion, which lacks a supporting brief, is not properly before the court. Plaintiff is advised that this court grants relief to litigants through properly filed motions which: must be in writing unless made during a hearing or trial; state with particularity the grounds for seeking the order; and, state the relief sought. Fed. R. Civ. P. 7(b)(1). In addition, motions filed in this court must be accompanied by a supporting brief, which "shall contain a concise statement of the reasons in support of the party's position and shall cite all applicable federal rules of procedure, all applicable local rules, and the other authorities upon which the party relies." W.D. Mich. LCivR 7.1(a). A pro se litigant is required to follow the rules of civil procedure and easily-understood court deadlines, and assumes all of the risks and hazards that accompany self-representation. *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.2d 552, 561 (6th Cir. 2000); *Mooney v. Cleveland Clinic Foundation*, 184 F.R.D. 588, 590 (N.D. Ohio 1999). Experience has taught the

court that strict adherence to procedural requirements is the best guarantee of evenhanded administration of the law. *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980). Plaintiff has failed to file a brief as required by court rules. For this reason, plaintiff's motion will be denied.

Even if plaintiff had properly filed this motion, it is inappropriate for plaintiff to ask the court for "clarification" of discovery documents and legal advice. This court will not manage or supervise plaintiff's litigation. By choosing to file this action against defendants without the assistance of an attorney, plaintiff has assumed the risks and hazards that accompany self-representation. *See Graham-Humphreys*, 209 F.2d at 561. "It is not the function of this Court to supervise laymen in the practice of law." *Springer v. Best*, 264 F.2d 24, 26 (9th Cir. 1959). *See, e.g., Williams v. Prince*, No. 03-cv-73682, 2005 WL 2790534 at *4 (E.D. Mich. Oct. 25, 2005) ("[w]hile acknowledging Plaintiff's *pro se* status, the Court must note that it is not the function of the Court to conduct discovery on behalf of litigants").

Finally, the court has denied plaintiff's previous request for appointment of counsel. See Order (docket no. 65). Appointment of counsel is within the court's discretion. *Glover v. Johnson*, 75 F.3d 264, 268 (6th Cir. 1996). As a general rule, trial courts in the Sixth Circuit do not appoint lawyers for indigent pro se prisoners in civil rights cases and prisoner grievance-type cases unless extraordinary circumstances exist. *Id.* The court finds no extraordinary circumstances in this case that require the appointment of counsel.

Accordingly, plaintiff's motion (docket no. 68) is **DENIED**.

**IT IS SO ORDERED.**

Dated: October 22, 2010            /s/ Hugh W. Brenneman, Jr.
                                   Hugh W. Brenneman, Jr.
                                   United States Magistrate Judge