UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY VINCENT BRADLEY,

    Plaintiff,

CASE NO. 1:09-CV-1070

v.

HON. ROBERT J. JONKER

RICHARD HALLSWORTH, et al.,

    Defendant.

_____/

## ORDER REGARDING REPORT AND RECOMMENDATION

The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation recommending summary judgment for Defendants Lange, Heebsch, Jenkins and Lacy in this matter (docket # 74) and Plaintiff Bradley's Objections to the Report and Recommendation (docket # 75). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981).

The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Mr. Bradley's objections.

In their motion papers, Defendants Heebsch, Jenkins and Lacy assert a failure to exhaust and an absence of deliberate indifference as two separate bases for summary judgment (docket # 55), and Defendant Lange asserts both a failure to exhaust and multiple alternative theories (docket # 32. The Magistrate Judge recommends summary judgment in favor of Defendants Lange, Heebsch, Jenkins and Lacy based solely upon a lack of exhaustion of administrative remedies.

Three grievances Mr. Bradley filed relate to the claims he brings in this lawsuit. The first grievance, LCF-2009-01-0014-28e ("14"), concerns a denial of hernia surgery. The second two grievances, LCF-2009-01-004428e ("44") and LCF-2009-02-168-28i ("168"), concern delays in receiving cardiac medication. Grievance 14 was denied at Steps I, II and III of the MDOC appeal process as untimely filed. Grievance 44 was denied at Steps I and II of the MDOC appeal process as untimely filed; it is not entirely clear from the record how the appeal was resolved at Step III. Grievance 168 was denied at each step of the MDOC appeal process for failure to comply with the requirement that the grievant first attempt to resolve the grievable issue with the staff member involved. In his Report and Recommendation (docket # 74), the Magistrate Judge notes correctly that the record available to him lacked evidence from Mr. Bradley in the form of affidavit or otherwise that Mr. Bradley had timely filed the first two grievances or that Mr. Bradley had attempted to resolve the issue in the third grievance with the staff member involved. Based upon that record, he properly recommended summary judgment. However, in his Objections, Mr. Bradley belatedly filed an affidavit providing evidentiary support for the conclusion that he filed Grievances 14 and 44 timely and that he did attempt to resolve the issue in Grievance 168 with the staff involved

2

before filing. (Bradley aff., docket # 75-3.) In light of this new evidence supporting Mr. Bradley's contention that he did properly exhaust his administrative remedies, the Court concludes that summary judgment solely for failure to exhaust is not warranted.[1] The Report and Recommendation does not address the moving parties' alternative arguments concerning the Mr. Bradley's claims, and a remand for further consideration of the motions is appropriate.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 74) is **REJECTED**, and Defendant Heebsch, Jenkins and Lacy's Motion for Summary Judgment (docket # 55), and Defendant Lange's Motion for Summary Judgment (docket # 31) are **REMANDED** to the Magistrate Judge for further proceedings consistent with this Opinion.

                                                                    /s/ Robert J. Jonker
                                                                    ROBERT J. JONKER
                                                                   UNITED STATES DISTRICT JUDGE

Dated: March 23, 2011

---

[1] A limited exception may exist as to Dr. Lacy to the extent Mr. Bradley's claims against him concerns his recommendations regarding treatment of Mr. Bradley's hernia. Mr. Bradley himself concedes that he did not name Dr. Lacy in Grievance 14, the only grievance concerning Mr. Bradley's hernia. (Bradley aff., docket # 75-3, at ¶ 8.) *See Sullivan v. Kasajaru*, 316 F. Appx. 469, 470 (6th Cir. 2009) (affirming dismissal for lack of exhaustion where plaintiff failed to comply with MDOC Policy Directive No. 03.02.130, which explicitly required him to name in grievance each person against whom he grieved). Moreover, the medical records indicate that Dr. Lacy examined Mr. Bradley's hernia October, 2009, well after the Grievances 14, 44 and 168 were filed. (*See* docket # 49, MDOC Medical Records, at 127.) However, Mr. Bradley's various claims are closely interwoven, and the Court believes it is more prudent to remand the entire motion for further consideration than to attempt to isolate and decide the claims against Dr. Lacy solely to the extent they concern hernia treatment.