UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PERRY VINCENT BRADLEY,

      Plaintiff,

                                        CASE NO. 1:09-CV-1070

v.

                                        HON. ROBERT J. JONKER

RICHARD HALLSWORTH, *et al.*,

      Defendants.

_____/

## ORDER APPROVING AND ADOPTING
## REPORT AND RECOMMENDATION

      The Court has reviewed Magistrate Judge Brenneman's Report and Recommendation in this matter (docket # 86), Plaintiff Bradley's Objections to the Report and Recommendation (docket # 87), and the affidavit Plaintiff Bradley filed in connection with his Objections (docket # 88). Under the Federal Rules of Civil Procedure, where, as here, a party has objected to portions of a Report and Recommendation, "[t]he district judge . . . has a duty to reject the magistrate judge's recommendation unless, on de novo reconsideration, he or she finds it justified." 12 WRIGHT, MILLER, & MARCUS, FEDERAL PRACTICE AND PROCEDURE § 3070.2, at 381 (2d ed. 1997). Specifically, the Rules provide that:

> The district judge to whom the case is assigned shall make a de novo determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made in accordance with this rule. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

FED R. CIV. P. 72(b). De novo review in these circumstances requires at least a review of the evidence before the Magistrate Judge. *Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). The Court has reviewed de novo the claims and evidence presented to the Magistrate Judge; the Report and Recommendation itself; and Plaintiff's objections and affidavit. After its review, the Court finds that Magistrate Judge Brenneman's Report and Recommendation is factually sound and legally correct.

In his Report and Recommendation, Magistrate Judge Brenneman recommends that the motions for summary judgment filed by Defendants Lange, Heebsch, Jenkins, Lacy, Squier, and McQueen (docket ## 31, 55, 77) be granted. Mr. Bradley raises multiple objections to the Report and Recommendation, none of which change the fundamental analysis in this case. Mr. Bradley's first three objections all challenge the Magistrate Judge's finding that Mr. Bradley failed to exhaust his claims against Defendants Squier and McQueen. (Obj., docket # 87, at 1 – 3.) Mr. Bradley argues that he could not have named Defendants Squier and McQueen in his grievances, because the state had not contracted with Drs. Squier and McQueen at the time he filed his grievances. (*Id.* at 2 – 3.) He adds that he could not have filed a new grievance naming Drs. Squire and McQueen, because it would have been duplicative, possibly running afoul of a policy directive stating that a duplicative grievance may be rejected. (*Id.*) These objections are not persuasive. However, even assuming for the purpose of argument that the objections were persuasive, they would still be beside the point, because the Magistrate Judge recommended summary judgment for Defendants Squier and McQueen not only based on failure to exhaust, but also on the merits of Plaintiff's case. (Report and Recommendation, docket # 85, at 11.) The same is true of Plaintiff's objection to any finding that he failed to exhaust administrative remedies against Defendant Lacy. (Obj., docket # 87, at 5.)

Plaintiff's next five objections elaborate on Plaintiff's fundamental claim that Drs. Lacy, Jenkins, Squier and McQueen's acted with deliberate indifference to his serious medical needs and challenge the Magistrate Judge's determinations. (*Id.* at 3 – 5.) Plaintiff asserts that his medical providers should have intervened surgically instead of treating his hernia more conservatively. (*Id.* at 3 – 4.) He claims that the Magistrate Judge misunderstood MDOC guidelines concerning hernia treatment and that the Magistrate Judge misunderstood what is required to treat a hernia effectively. (*Id.* at 4.) He contends that Defendant Squier stated falsely that his hernia had been stable since September of 2009. (*Id.*) He argues that Dr. Jenkins is not entitled to summary judgment, because Dr. Jenkins did not submit an affidavit or other documentation explaining his denial of a surgery consultation. (*Id.* at 4 – 5.) He states that Dr. Lacy agreed to appeal the denial of surgery but failed to do so, and that this failure constitutes deliberate indifference. (*Id.*) All of these objections overlook the core fact that Plaintiff received regular medical care for his hernia. Plaintiff may not agree with the course of care the defendant medical providers chose, but such a disagreement does not rise to the level of a constitutional violation. *See, e.g., Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) ("It is well-established that mere disagreement over the proper treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."). At most, Plaintiff's allegations amount to claims of negligence, not deliberate indifference. Negligence in diagnosing or treating a medical condition simply does not create an Eighth Amendment violation. *Farmer v. Brennan*, 511 U.S. 825, 835 (1994).

Finally, Plaintiff objects to the Magistrate Judge's recommendation of summary judgment in favor of Defendant Lange. He claims that, contrary to the Magistrate Judge's finding, Defendant Lange was involved personally in the alleged constitutional violation. (Obj., docket # 87, at 5-6.)

Specifically, Plaintiff argues that Defendant Lange was involved personally because she was on notice of Plaintiff's first grievance regarding lack of blood pressure medication and failed to take what Plaintiff considered appropriate action. This is still not enough to state a constitutional claim, however. "Liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon 'a mere failure to act.'" *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999) (quoting *Salehpour v. University of Tennessee*, 159 F.3d 199, 206 (6th Cir. 1998)).

The Court concludes that the Magistrate Judge's Report and Recommendation (docket # 86) is factually sound and legally correct.

**ACCORDINGLY, IT IS ORDERED** that the Report and Recommendation of the Magistrate Judge (docket # 86) is approved and adopted as the opinion of the Court.

**IT IS FURTHER ORDERED** that the motions for summary judgment filed by Defendant Lange (docket # 31), Defendants Heebsch, Jenkins and Lacy (docket # 55), and Defendants Squier and McQueen (docket # 77) are **GRANTED**.

**IT IS FURTHER ORDERED** that for the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).

This case is **DISMISSED**.


Dated:      September 21, 2011            /s/ Robert J. Jonker
                                          ROBERT J. JONKER
                                          UNITED STATES DISTRICT JUDGE